Filed 12/10/25  P. v. Long CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP GEROME LONG,<br><br>Defendant and Appellant. | F088792<br><br>(Super. Ct. No. F13907709)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Franson, J. and Peña, J.

## INTRODUCTION

We previously reversed defendant Phillip Gerome Long's judgment and remanded for resentencing. On remand, the trial court denied defendant's request to strike his prior serious felony conviction. Defendant appeals and argues that the trial court abused its discretion when denying his request because it failed to apply Penal Code section 1385, subdivision (c)[1] when deciding whether to strike his prior serious felony conviction. We reject defendant's argument and affirm.

## PROCEDURAL BACKGROUND

A jury convicted defendant on March 15, 2019, of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b); counts 1–3), lewd acts upon a child under 14 years old (§ 288, subd. (a); counts 5–8, 10–11), and possession of child pornography (§ 311.11, subd. (a); count 12). As to counts 5 through 11, the jury found true the "One Strike" law allegation that defendant committed the offenses against more than one victim. (§ 667.61, subd. (e)(4).) After waiving his right to a jury trial as to the allegations, defendant admitted he had a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) as to all counts.

---

[1] Undesignated statutory references are to the Penal Code.

2.

On April 26, 2019, the trial court sentenced defendant to total term of 396 years to life in prison, including consecutive terms of 50 years to life (§ 667.61, subds. (b), (j)(2); 667, subd. (e)(1))[2] for counts 5 through 8, 10, and 11; 30 years to life as to counts 1 through 3,[3] six years as to count 12,[4] and various fines, fees, and assessments.

Defendant appealed and argued, in part, that the trial court violated his right to due process by sentencing under the provisions of section 667.61, subdivision (j)(2) because it had not been specifically alleged in the amended information. We affirmed defendant's judgment but, after transfer back from the California Supreme Court, reconsidered our decision in light of *In re Vaquera* (2024) 15 Cal.5th 706, reversed defendant's sentence on counts 5 through 8, 10, and 11, and remanded the matter for resentencing. (*People v. Long* (June 24, 2024, F079251) [nonpub. opn.]).

On October 11, 2024, the trial court denied defendant's motion to strike his prior serious felony conviction and sentenced him to consecutive terms of 30 years to life for counts 1 through 3, 5 through 8, 10, and 11 (§§288.7, subd. (b), 288, subd. (a), 667.61, subd. (b), 667, subd. (e)(1)) and four years as to count 12 (§§ 311.11, subd. (a), 667, subd. (e)(1)), for a total term of imprisonment of 274 years to life. The trial court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $300 restitution fine (§ 1202.4), and a stayed $300 parole revocation fine (§ 1202.45, subd. (a)).

Defendant filed this timely appeal on October 14, 2024.

---

[2] The court sentenced defendant pursuant to section 667.61, subdivisions (b) and (j)(2), which provide for a sentence of 25 years to life, and section 667, subdivision (e)(1) provides that any determinate term or minimum indeterminate prison term must be twice the term otherwise provided as punishment.

[3] Section 288.7, subdivision (b) provides for a punishment of 15 years to life in prison, doubled pursuant to section 667, subdivision (e)(1).

[4] The court selected the three-year upper term provided by section 311.11, subdivision (a) and section 18, subdivision (a), doubled pursuant to section 667, subdivision (e)(1).

## FACTS[5]

In 2011, defendant and his ex-wife would often watch A.A., who was six or seven years old, while her mother was working. During such times, A.A.'s cousins, A.B. (seven or eight years old), A.C. (five years old), and D.M. (10 years old) would visit A.A. while she was at defendant's residence. Defendant put his hand on A.A.'s vagina, masturbated, forced her to swallow his sperm, forced her to touch his penis until he ejaculated on multiple occasions, pushed her to the floor and forced his penis a small way into her vagina and/or anus several different times, used his tongue to lick her vagina, and made her lick his penis. When A.B. would visit A.A. at defendant's residence, defendant would remove their clothing, touch their vaginas, chase them, and when they were on the floor, pull them to him by their feet, remove their underwear, and touch them.

Defendant also would "tickle" A.C. and A.A. when they visited, at times touching their vaginas over their underpants and other times making them disrobe, spread their legs, and touching them directly. D.M. described an incident when she was in the car with defendant and he slid his hand up her leg, touching her vagina inside her shorts and underwear. Two other times, defendant touched D.M.'s vagina when she was at defendant's residence.

In August 2013, detectives executed a search warrant at defendant's residence and seized a laptop computer containing 900 images of child nudity or pornography depicting "mostly prepubescent undeveloped children" "engaged in sexual activity or focussing [*sic*] on the child's genitalia," and a desktop computer containing nine images of child pornography.

---

[5] We provide only a short summary of the facts set forth in our prior opinion as defendant raised only sentencing issues. (*People v. Long, supra*, F079251.)

# DISCUSSION

## I.   *The trial court did not abuse its discretion in denying defendant's motion to strike his prior strike conviction.*

### A.   Sentencing Background

Defendant filed a sentencing brief and argued that the trial court should strike his prior serious felony conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Defendant argued that he is outside the spirit of the Three Strikes law in light of the nature and circumstances of his present and prior serious felonies, as well as his background, character, and prospects.  He characterized his prior criminal history as minimal considering his strike conviction (involving domestic violence and criminal threats) had occurred 21 years previously and he was discharged from parole as to those offenses in 2010.  Defendant also listed several mitigating factors as set forth in California Rules of Court, rule 4.423(b), including:  (1) defendant has an insignificant record of criminal conduct; (2) defendant experienced psychological, physical, or childhood trauma including abuse, neglect, sexual violence, or exploitation that was a factor in the crime; (3) the enhancement would result in a sentence in excess of 20 years; (4) several enhancements are alleged in a single case; (5) application of an enhancement could result in a discriminatory racial impact; and (6) the enhancement is based on a conviction more than five years old.

Defendant's sentencing brief described his social history, including that he was the youngest of five children and adopted by a neighbor when three months old because his birth mother was unable to care for him.  By age 10, defendant was essentially caring for himself because his adopted mother had serious medical issues.  His mother's caregiver sexually abused him for one and a half years when he was 12 years old.  He bragged to his peers because he thought it was "cool" at the time, and did not realize the damage it caused him.  He now believes that the inappropriate sexual experiences caused him to lack empathy for others, become self-focused, and be unable to properly process difficult

experiences. Defendant previously joined the military for three years and left to care for his birth mother who was dying of cancer. He also worked as a peace officer for a community college.

While most recently in prison, defendant continued his education through a community college, studied substance use disorder, which affected his birth mother, and now realizes that his own drug and alcohol use desensitized him to his own feelings. Defendant was president of the Men's Advisory Committee in prison and served as a liaison between the inmates and staff.

On October 11, 2021, the trial court considered defendant's motion to strike his prior serious felony conviction. The court stated that it had received defendant's sentencing brief and read and considered the new report from the probation officer. Defense counsel requested that the court once again consider the motion to strike defendant's prior serious felony, recognizing that the motion had been made during the original sentencing hearing.

Defendant reminded the court that it originally denied his request because defendant's current offenses were too close in time to his prior conviction, but five years has passed since the court made that finding. Defendant advised that he had made progress by gaining insight, empathy, and understanding as to the cause and factors that caused him to commit the offenses. According to defendant, he was a changed man after engaging in much self-reflection and self-help and had completely removed himself from antisocial behavior as evidenced by his lack of disciplinary record, active leadership in the prison community, and attendance at church.

The prosecutor opposed defendant's motion to strike based on the offenses involving sex abuse against three children, which occurred only one year after he was discharged from parole from the strike offense. Defendant's offenses involved forcing children to orally copulate him while exhibiting pornography to them. When arrested

two years following the sexual abuse, defendant was found in possession of pornography depicting prepubescent children engaged in sexual acts and focusing upon their genitalia.

The prosecutor also agreed with the court that it could factor defendant's postconviction rehabilitative efforts in formulating the sentence but argued that such efforts were not sufficient to mitigate the circumstances of the offense or timing of defendant's conduct in relation to his prior conviction. Defense counsel argued that the changes to defendant since his initial sentencing were relevant factors "to consider for the *Romero* [motion]." (Italics added.)

The trial court stated that it remembered the facts of the trial, the testimony of the victim witnesses, and the "child pornographies, and as I said earlier in the sentencing five years ago, I'll say it again here, that's the kind of thing you can't unsee. I mean, that stuff is vile …." The court noted the significant impact the crimes still had on the victims as seen during their testimony, even though the offenses occurred several years before. The trial court acknowledged that it had reviewed and considered defendant's representations and had reviewed the court's own file and prior sentencing hearing. The court considered defendant's prior four-year military service and employment as a peace officer for a community college and noted the latter occupation was not easy to obtain or undertake.

The court additionally recognized that defendant committed his strike offenses involving domestic violence and making criminal threats in 2000 and was initially afforded probation but later violated its terms and was sentenced to prison. Despite his discharge on parole in 2010, defendant committed the instant offenses in 2011. The trial court considered that defendant was a survivor of sexual abuse and had attempted to rehabilitate himself in prison by continuing his education and incurring no disciplinary proceedings, and that five years had passed since he was initially sentenced.

The trial court explained that it had to consider whether striking defendant's prior conviction would further the interest of justice, that is, consider both defendant's rights and the interests of society. The court recognized that it was required to look at the

particular background, character and prospects of an individual to determine whether the individual falls outside the Three Strikes law in whole or in part. The court stated it had, in fact, considered defendant's background, the nature of his present offenses, and other individualized considerations. It further recognized that *People v. Carmony*[6] reiterated that the circumstances which would deem a career offender to fall outside the spirit of the Three Strikes law must be extraordinary.

The trial court addressed Senate Bill No. 81's (2021–2022 Reg. Sess.) amendment of section 1385, subdivision (c) (Stats. 2021, ch. 721, § 1), noting that defendant was not arguing that it applied to the Three Strikes law, finding that it only applied to the decision to strike enhancements, and noting the Courts of Appeal had found that the Three Strikes law is an alternate penalty scheme and not an enhancement. Neither party objected to the court's statement that section 1385, subdivision (c) was not applicable to defendant's motion to strike his prior conviction. Thereafter, the trial court denied defendant's motion: "[T]he Court's going to deny the request for *Romero* and is still of the opinion that given the gravity of the offenses here, given the relative recent change—length of time, rather, that occurred between the offenses that occurred here and the discharge of parole, that it would not be in a furtherance of justice to grant *Romero* leave in this instance." (Italics added.)

### B. Applicable Law and Standard of Review

Section 1385 grants trial courts discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice. (§ 1385, subd. (a); *People v. Superior Court (Romero), supra*, 13 Cal.4th at pp. 504, 529–530.) " '… A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited. Its exercise must proceed in strict compliance with … section 1385[, subdivision ](a) ….' " (*People v. Williams* (1998) 17 Cal.4th 148, 158, third bracketed

---

**6**      *People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).

insertion added (*Williams*).)  The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero*, at p. 528; accord, *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].)  The Three Strikes law establishes " 'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike' " unless the sentencing court finds a reason for making an exception to this rule.  (*Carmony, supra*, 33 Cal.4th at p. 377.)  There are "stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid.*)  In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard.  (*Carmony, supra*, 33 Cal.4th at p. 374.)  The Three Strikes law establishes that not striking a prior strike conviction is the norm, and there is a "strong presumption that any sentence that conforms to [the] sentencing norm[] is both rational and proper." (*Id.* at p. 378.)  An abuse of discretion is established by demonstrating "that the trial court's decision was irrational or arbitrary.  It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 309–310.)  "Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling " 'even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 378, first bracketed insertion added.)

### C. Analysis

Defendant requested that the trial court exercise its discretion to strike the prior strike conviction. Defendant argues that his current offenses were neither serious nor violent, his past record consisted mostly of nonviolent and/or drug-related offenses, and the prior strike was remote in time, having occurred 10 years earlier.

At sentencing, the trial court had reviewed defendant's motion, the probation officer's report, the court file, and the prior sentencing proceedings. The court found that defendant did not fall outside the spirit of the Three Strikes law based upon his prior strike, violation of probation, and his commission of the instant offenses within one year of being discharged from parole. Because declining to strike a prior strike conviction is the "norm," we presume the trial court's decision was proper. (See *Carmony, supra*, 33 Cal.4th at p. 378.)

Defendant argues, however, that the trial court abused its discretion in declining to strike his prior strike conviction due, in part, to the court's failure to apply section 1385, subdivision (c). Section 1385, subdivision (c)(2) provides, in turn, that when exercising its discretion to strike a sentence enhancement, the trial court must consider and give great weight to evidence of the presence of nine mitigating circumstances, the following of which defendant's sentencing brief asserted were applicable: (1) application of the enhancement could result in a discriminatory racial impact (*id.*, subd. (c)(2)(A)); (2) multiple enhancements are alleged in a single case (*id.*, subd (c)(2)(B)); (3) application of the enhancement could result in a sentence of over 20 years (*id.*, subd (c)(2)(C)); (4) the current offense is connected to prior victimization or childhood trauma (*id.*, subd. (c)(2)(E)); and (5) the enhancement is based on a prior conviction that is over five years old (*id.*, subd. (c)(2)(H)). "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger

public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

We decline to find section 1385, subdivision (c) applicable to a motion to dismiss a prior strike pursuant to section 1385, subdivision (a). "Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo." (*People v. Burke* (2023) 89 Cal.App.5th 237, 242.) *Burke* squarely rejected the application of section 1385, subdivision (c) to the decision whether to dismiss or strike a prior strike conviction because "the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense" (*Burke*, at p. 243), the "plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement" (*id.* at p. 244). Since *Burke*, every court that has addressed the issue has agreed with its holding. (See *People v. Dain* (2025) 115 Cal.App.5th 235, 247–248; *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1155–1156; *People v. Olay* (2023) 98 Cal.App.5th 60, 68–69; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2.) We decline to break with this authority. Because a strike is not considered an enhancement, the trial court was not required to consider section 1385, subdivision (c) in deciding whether to strike defendant's prior conviction.

We also note that the standard for dismissing an enhancement in section 1385, subdivision (c) conflicts with the standard for applying section 1385, subdivision (a) in the context of the Three Strikes law: The Three Strikes law establishes " 'a sentencing requirement to be applied in every case' " unless the sentencing court finds a reason for making an exception to this rule (*Carmony, supra*, 33 Cal.4th at p. 377), and the trial court must find that defendant may be deemed outside the scheme's spirit, in whole or in part (*Williams, supra*, 17 Cal.4th at p. 161), while section 1385, subdivision (c)(1)(2) directs that the court shall dismiss an enhancement if it is in furtherance of justice to do so and afford great weight to evidence of mitigating circumstances.

Nonetheless, the trial court discussed the nature of the offenses, the effect of defendant's offenses on the victims, and several of defendant's mitigating factors in acting to achieve legitimate sentencing objectives:  defendant's background, including his former employment and military service; the age of his prior offenses; that he survived childhood sexual abuse; and defendant's attempts to rehabilitate himself in prison by continuing his education and incurring no disciplinary proceedings.  The court's discussion not only addressed defendant's asserted mitigating circumstances, but did so recognizing it was required to look at the particular background, character and prospects of an individual to determine whether the individual falls outside the Three Strikes law in whole or in part.  The trial court record supports the court's assertion that it had, in fact, considered defendant's background, the nature of his present offenses, and other individualized considerations in reaching its decision.

Having taken the nature and circumstances of defendant's instant offenses and prior conviction as well as his background and prospects into account when it declined to strike his prior strike conviction, we conclude that the trial court was aware of its discretion and considered only permissible factors in reaching its decision.  (See *Williams, supra*, 17 Cal.4th at p. 161 ["preponderant weight must be accorded to … the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects"].)

We conclude that defendant has failed to establish that the trial court's denial of his request to strike his prior strike conviction was outside the bounds of reason under the facts and the law.  We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it.  And here, it was not.  On the record before us, the trial court did not abuse its discretion in deciding that the prior strike conviction and instant offense fell within the spirit of the Three Strikes law,

and it properly considered defendant's asserted mitigated circumstances to the extent it was required to do so.

## DISPOSITION

The judgment is affirmed.